IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FREDDIE WILLIS,

                Plaintiff,

    vs.

DOUGLAS COUNTY CORRECTION,

                Defendant.

**8:21CV109**

**MEMORANDUM
AND ORDER**

Plaintiff Freddie Willis alleges that he is currently incarcerated at the Douglas County Correctional Center ("DCCC"). The court has granted Plaintiff permission to proceed in forma pauperis (Filing 9), and the court now conducts an initial review of the Complaint (Filing 3) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint alleges that he hurt his back and broke his elbow after falling off the top bunk in the "J-MOD" at the DCCC. He complains that every DCCC unit should contain ladders to the top bunk, but the J-MOD does not, creating a "safety hazard." (Filing 3 at CM/ECF p. 1.) In a subsequent letter to the court (Filing 14), Plaintiff states that the DCCC has now installed safety ladders in the J-MOD, but his back injury is not improving, and "something . . . should be done for the pain suffering and mental anguish, and sharp pains." (Filing 14 at CM/ECF p. 1 (capitalization corrected).)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff alleges that the DCCC (1) caused his injuries by not having a safety ladder in his cell and (2) neglected giving him medical care for the injuries he received when he fell from his bunk.

Because Plaintiff asserts his claims against the DCCC, he fails to state a claim because a county correctional facility is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the

DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, all of Plaintiff's claims against the DCCC must be dismissed.

Although Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief can be granted, the court will give Plaintiff leave to file an amended complaint in order to assert his claims against the proper defendants. "It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009)). Deliberate indifference requires a showing that the defendant "'had actual knowledge of that need but deliberately disregarded it.'" *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Bailey*, 810 F.3d at 594). While inmates have a right to adequate medical care, they have no "'right to receive a particular or requested course of treatment.'" *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). In other words, "'[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.'" *Id.* at 921-22 (quoting *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007)).

So, in amending his Complaint, Plaintiff must allege truthful facts suggesting that a defendant who had actual knowledge of Plaintiff's serious medical needs deliberately disregarded such needs. Plaintiff is cautioned that "[s]howing medical malpractice is not enough: 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

3

mistreatment.'" *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted because he has sued the DCCC, which is not a distinct legal entity subject to suit. However, the court will grant Plaintiff leave to file an amended complaint consistent with the above discussion.

IT IS ORDERED:

1.     Plaintiff's claims against Defendant Douglas County Correction are dismissed without prejudice.

2.     Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him.

3.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations already made and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: October 11, 2021—amended complaint due.

      6.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

      DATED this 9th day of September, 2021.

                       BY THE COURT:

                       *Richard G. Kopf*

                       Richard G. Kopf
                       Senior United States District Judge